UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL NASEMAN, #285527,

       Plaintiff,

v.                               Civil No. 1:18-cv-13636
                               Honorable Thomas L. Ludington

FOOD SERVICES,

       Defendant.
_____/

## ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT

      This matter is before the Court on a letter submitted by Michigan prisoner Paul Naseman ("Naseman"), currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. ECF No. 1. In his letter, Naseman complains about the food service at the Gus Harrison Correctional Facility in Adrian, Michigan, the subsequent handling of his grievances, and alleged acts of retaliation. He also references his state criminal proceedings. He seeks legal advice and requests appropriate forms for filing a civil rights complaint and a habeas petition in federal court. Naseman did not submit any filing fees or an application to proceed as an indigent prisoner with his letter. The Clerk's Office filed the letter and docketed the matter as a civil rights action.

**I.**

      The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks

subject matter jurisdiction to grant relief against any named defendants. *Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A habeas action also begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Habeas petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Those rules provide, in relevant part, that a habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested. Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule." Rule 2(d), Rules Governing Section 2254 Cases. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority

to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases.

## II.

Naseman's letter does not meet the foregoing standards. His letter is therefore insufficient to institute a civil rights action and/or a habeas action in federal court. Moreover, Naseman did not submit any filing fees for this case or submit an appropriate application to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914(a); 1915. Naseman's letter should not be construed as either a civil rights complaint or a habeas petition. Rather, it should merely be considered as a request for forms.

## III.

Accordingly, it is **ORDERED** that the complaint, ECF No. 1., is **DISMISSED without prejudice**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: December 17, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2018.

                         s/Kelly Winslow
                         KELLY WINSLOW, Case Manager